WARNER, C.J.
We reverse the order adjudicating appellant a delinquent for possession of marijuana, finding that the trial court erred in admitting a hearsay statement. The officer who arrested appellant testified that another suspect told him that the cannabis the officer found on the ground belonged to appellant. While the court admitted this testimony on the grounds that it was a statement against penal interest, it clearly was not so. Section 90.804(2)(c), Florida Statutes (1999), pro-. vides that when the declarant is unavailable, a statement against the declarant’s penal interest is admissible. In this case, the declarant’s statement was not against his penal interest. In fact, it was exculpatory as to his culpability. Furthermore, the declarant testified, and therefore was available at trial.
The state argues that the statement is not hearsay based on section 90.801(2)(a) which provides:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with the declarant’s testimony and was given under oath subject to the penalty of peijury at a trial, hearing, or other proceeding or in a deposition;
While the officer’s testimony as to what the declarant told him was inconsistent with the declarant’s trial testimony, the casual conversation at the scene of the incident was not given under oath subject to penalties of perjury. Therefore, the cited statute is inapplicable.
Since there was no other direct evidence showing that appellant possessed the marijuana, we cannot find that this was harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded for a new adjudicatory hearing.
GUNTHER and STEVENSON, JJ., concur.